APPEAL OF NATIONAL BAKERS' EGG CO., INC.

Docket No. 706.     Submitted May 12, 1925.     Decided April 8, 1926.

The taxpayer was the successor of a corporation with total paid-in capital in cash of $60,000. The taxpayer was organized in 1919, taking over the assets of the predecessor which then had a value of $26,785.23, for which stock of $25,000 was issued. *Held,* that the invested capital of the taxpayer was limited to the value of property paid in for stock and could not be measured by the invested capital of the predecessor company.

*F. O. Graves, Esq.,* for the Commissioner.

Before JAMES, LITTLETON, and TRUSSELL.

This is an appeal from the determination of a deficiency in income and profits taxes for the year 1919, amounting to $472.23.

FINDINGS OF FACT.

The taxpayer is a New York corporation with its principal office in New York City. It was organized in the year 1919 with capital stock of a par value of $25,000, issued in exchange for tangible property of a value of $26,785.23.

Prior to the organization of the taxpayer, and in the year 1900, there was organized under the laws of the State of Missouri a corporation with a capital stock of $20,000, paid for in cash. From time to time thereafter the corporation increased its capital stock, always for cash paid in, until, in 1914, the total capital stock of the Missouri corporation amounted to $60,000. In 1919 the Missouri corporation showed operating losses in a total amount of $36,025.63, and this amount of accumulated losses appeared on the balance sheet of the Missouri corporation as an operating deficit. Thereupon, the stockholders of the Missouri corporation caused the organization of the taxpayer and transferred to it all the assets then owned by the Missouri corporation.

It does not appear whether the stockholders of the two corporations, that organized in Missouri and its successor in New York, were the same just prior to the reorganization and just subsequent thereto.

In its income-tax return for the year here in question, the taxpayer claimed a total invested capital of $60,000 of capital stock

and $6,367.74 of surplus.   The Commissioner computed the invested capital of the taxpayer upon the basis of the capital stock of the successor company.   From the resulting deficiency the taxpayer brings this appeal.

OPINION.

JAMES: The taxpayer contends that it is entitled to have its invested capital measured by the capital stock of the company operated for 19 years in Missouri.   But the taxpayer is not the Missouri corporation; it is the successor New York corporation.   So far as the taxpayer here is concerned, its capital stock was issued for tangible property paid in in the amount stated in the findings of fact. We find nothing in the law which warrants the conclusion that Congress intended to ignore corporate reorganizations or to measure the invested capital of existing taxpayers by the invested capital of corporations which have ceased to exist.   On the contrary, Congress saw fit to incorporate in the Revenue Act of 1918 one specific provision dealing with the invested capital of corporations which were the result of reorganizations, namely, section 331.   That section definitely denies to successor corporations an invested capital in excess of the invested capital of their predecessors merely to protect against reorganizations in fraud of the revenue.   In so doing, Congress must be recognized as intending that all other reorganizations would compute their invested capital solely from their own transactions.

This action of Congress is the more significant in the light of the provisions of section 202 (b) of the Revenue Act of 1918, in which it is provided:

When property is exchanged for other property, the property received in exchange shall for the purpose of determining gain or loss be treated as the equivalent of cash to the amount of its fair market value, if any; but when in connection with the reorganization, merger, or consolidation of a corporation a person receives in place of stock or securities owned by him new stock or securities of no greater aggregate par or face value, no gain or loss shall be deemed to occur from the exchange, and the new stock or securities received shall be treated as taking the place of the stock, securities, or property exchanged.

It thus appears, that, while the individual stockholders of the Missouri corporation may not deduct a loss on account of the conversion of their stock into an amount of stock of a less par value in the taxpayer corporation, Congress, nevertheless, failed to provide anywhere in the Revenue Act of 1918 that the invested capital of the taxpayer in a case of this sort should be computed upon the basis of its predecessor.   We can not supply what Congress saw fit to omit.

*The deficiency is $472.22.   Order will be entered accordingly.*