ROSENBAUM BROTHERS, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13050. Promulgated April 20, 1928.

*J. C. Halls, Esq.*, for the petitioner.
*J. Harry Byrne, Esq.*, for the respondent.

738

OPINION.

MARQUETTE: The real question presented by the record in this proceeding upon the answer to which our decision herein must rest, is: Is the petitioner a new corporation organized in 1916, so as to make that date the basic point for the computation of its invested capital, or is it merely a continuation of Rosenbaum Brothers, Inc., that was chartered in 1890?

The petitioner contends that Rosenbaum Brothers, Inc., chartered in 1890, although identical with the petitioner as to name, capital stock, stockholders, officers and directors, business and business methods, was, nevertheless, a separate and distinct legal entity; that the petitioner came into existence February 24, 1916, and not before, and that Rosenbaum Brothers, Inc., chartered in 1890, passed out of existence on July 9, 1915, and was extinct from that date forward. It is further contended by the petitioner that at the time of its creation in 1916 it acquired for its capital stock assets, the actual cash value of which was $157,665.94 more than the amount at which they were entered on the petitioner's books, and that it is entitled to increase its invested capital so as to include such actual value.

The respondent admits that the petitioner received a new corporate charter in February, 1916, and that the actual cash value of the assets acquired at that time was greater than their book value, in the amount claimed. The respondent maintains, however, that there is no essential difference between the petitioner and the old corporation of the same name, capital stock, etc.; that looking through form to substance, Rosenbaum Brothers, Inc., has had a continuing existence, at least for taxation purposes, since 1890, and that therefore it can not write up its invested capital to correspond with the increased value of its assets. It may be stated, and it appears to be conceded by both parties hereto, that if Rosenbaum Brothers, Inc., chartered in 1916, is a new, separate, legal entity, and not a continuation of Rosenbaum Brothers, Inc., chartered in 1890, it is entitled to include the assets in question in its invested capital at their value on February 24, 1916, the date it acquired them. (Section 326 (a) (2) and (3), Revenue Act of 1918.)

In our opinion the petitioner is a new entity, separate and distinct from the old corporation of the same name, and under section 326 (a) (2) of the Revenue Act of 1918, may claim as invested capital the full actual cash value of the assets acquired in February 1916. It may be true, as the respondent contends, that the old company remained in existence, as a *de facto* corporation, after its charter expired. There are a number of Illinois decisions which apparently sustain that view. However, when the petitioner was incorporated in 1916 it was as a new, distinct and separate entity. It was undoubtedly organized for the purpose of continuing under corporate form the business theretofore carried on by the old corporation. But the purpose in the minds of the incorporators can in no way diminish the power and authority of the State of Illinois to grant a new charter and by the granting thereof to create a *new* corporation. We are here dealing, not with the renewal of an old charter, but the granting of a new one; not with the extension of the life of an old corporation, but with the creation of a new corporate life. The grant of a new charter under the same corporate name in itself shows that the State considered the old company defunct and non-existent.

Nor does the fact that the stockholders of both the old and the new company were the same individuals affect the situation. A corporation is separate and distinct from its stockholders. *In re Watertown Power Co.*, 169 Fed. 252, *255; Seep* v. *Ferris-Haggerty Copper Mining Co.*, 201 Fed. 886; *Fietsam* v. *Hay*, 112 Ill. 293. This identity of stockholders might affect the situation if this case came under the provisions of section 331 of the Revenue Act of 1918, but as that section has no bearing upon corporate organizations prior to March 3, 1917, it does not apply here.

This Board has several times been called upon to pass upon similar questions. In *Nazareth Cement Co.*, 4 B. T. A. 1121, both predecessor and successor companies were organized under the same State law, with the same name, same amount of capital stock, the same officers and directors, and many, if not all, of the same stockholders. We held there "that the petitioner was an entirely new corporation," and that its invested capital was the actual cash value of the property—former assets of the old company—paid in at the time the new company was organized. Again in *National Bakers' Egg Co.*, 3 B. T. A. 1205, where a successor corporation took over the assets of its predecessor, we held that the cash value of such assets, at the time they were taken over, was the measure of the invested capital of the second corporation.

The respondent relies largely upon the cases of *Weiss* v. *Stearn*, 265 U. S. 242; *Marr* v. *United States*, 268 U. S. 536, and perhaps also upon *H. E. Brubaker*, 4 B. T. A. 1171. In our opinion none of these cases is really in point. While to some extent the facts resembled those in the instant proceeding, the questions involved and to which the decisions were directed, were entirely different.

Our decision is that the petitioner is entitled to include the assets acquired from the old corporation in its invested capital at their actual cash value at the date of acquisition. The amount has already been stipulated by the parties.

*Judgment will be entered on 15 days' notice, under Rule 50.*